IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**WENDY POTTER, Individually and on**     **PLAINTIFF**
**Behalf of All Others Similarly Situated**

vs.                  No. 4:22-cv-787-BRW

**PRIORITY-1, INC.**                                                        **DEFENDANT**

## JOINT MOTION FOR APPROVAL OF LIABILITY SETTLEMENT

Plaintiff Wendy Potter and Defendant Priority-1, Inc., by and through their undersigned attorneys, hereby state the following for their Joint Motion for Approval of Settlement:

1. Plaintiff initiated this action on August 31, 2022. *See* ECF No. 1. Plaintiff alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, et seq. *Id.* Plaintiff alleges that she was not paid a proper overtime rate for all hours worked over 40 per week due to certain bonuses she claims were non-discretionary not being factored into Plaintiff's regular rate of pay. *Id.*

2. Defendant disputes that Plaintiff was not properly compensated for all hours worked, including overtime, and also disputes the allegations in the Complaint.

3. The Parties ultimately reached a settlement, the terms of which are memorialized in the Settlement Agreement and Release attached as Exhibit 1 ("Agreement").

Page 1 of 4
Wendy Potter, et al. v. Priority-1, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-787-BRW
Joint Motion for Approval of Liability Settlement

4.  To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the Parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

5.  Here, the proposed settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes.

6.  This settlement represents something of a novelty in that the relevant amounts in settlement of the claims brought in the Complaint have already been tendered. Following the filing of the Complaint, Defendant tendered checks to Plaintiff's counsel in settlement of her claims for regular rate violations and liquidated damages. These amounts total $259.90, before applicable tax withholdings.

Page 2 of 4
Wendy Potter, et al. v. Priority-1, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-787-BRW
Joint Motion for Approval of Liability Settlement

7.	After discussion between Counsel of the amounts paid to Plaintiff by Defendant and corresponding damages calculations, the Parties believe that this resolution was a fair and reasonable compromise of a bona fide dispute, and they believe that Court approval is warranted. A copy of the damages calculations made by Plaintiff's counsel is attached hereto as Exhibit 2. The amount tendered to Plaintiff in settlement of her claims is equal to 100% of her calculated best-case scenario damages from the claims brought in the Complaint as well as 98% of her ideal liquidated damages.

8.	The Parties negotiated attorneys' fees and costs separately and without regard to Plaintiff's claim, following Defendant's payment of the two checks. Accordingly, the Parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the Plaintiffs' FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees."). As to the separateness of negotiations, a copy of the letter from Defendant's counsel to which the settlement checks were enclosed is attached hereto as Exhibit 3.

9.	Although the attorneys' fees agreed were negotiated completely separately and did not affect Plaintiff's recovery, this Court has required Plaintiff's counsel on multiple similar occasions to provide their billing information before approving a liability settlement. Accordingly, a copy of Plaintiff's counsel's billing spreadsheet on this matter is attached hereto as Exhibit 4.

Page 3 of 4
Wendy Potter, et al. v. Priority-1, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-787-BRW
Joint Motion for Approval of Liability Settlement

10. The Agreement resolves all matters remaining before the Court. Accordingly, Plaintiff and Defendant jointly seek dismissal, with prejudice, of this action. The Parties request that following the Court's approval of the Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiff and Defendant request that the Court enter an Order granting this Joint Motion for Approval of Liability Settlement and dismissing this case with prejudice, and for all other relief to which they are entitled.

Respectfully submitted,

**PLAINTIFF WENDY POTTER**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

Daniel Ford
Ark. Bar No. 2014162
daniel@sanfordlawfirm.com

Josh Sanford
Ark. Bar No.2001037
josh@sanfordlawfirm.com

and   **DEFENDANT PRIORITY-1, INC.**

FRIDAY, ELDREDGE & CLARK, LLP
2000 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201
Telephone: (501) 370-1526
Facsimile: (501) 244-5348

*/s/ Michael S. Moore*
Michael S. Moore
Ark. Bar No. 82112
mmoore@fridayfirm.com

Page 4 of 4
Wendy Potter, et al. v. Priority-1, Inc.
U.S.D.C. (E.D. Ark.) No. 4:22-cv-787-BRW
Joint Motion for Approval of Liability Settlement